IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01651-MSK-BNB

KATHY NOVOSAD, and
STEPHEN NOVOSAD, individually, and as parents of DN,

Plaintiffs,

v.

ALEXANDER CRAVEN BROWN,
KEITH BROWN,
LINDA BROWN,
JOHN MAJERUS,
SETH PARRISH,.
ST. VRAIN VALLEY SCHOOL DISTRICT NO. RE-1J, a Colorado public school district,

Defendants.

_____

## ORDER

_____

This matter is before me on the **Motion to Allow Filing of Cross-Claim at a Later Date (On Or About March 8, 9, or 10, 2006)** (the "Motion") filed by defendants Alexander Craven Brown, Keith Brown, and Linda Brown on December 15, 2005. The Motion is DENIED as premature.

I entered a scheduling order in this case on November 3, 2005. The scheduling order set a deadline to join parties and amend pleadings at December 15, 2005. I allowed a relatively short period of time to amend pleadings in order to force known amendments to be made promptly; that way all discovery, including early discovery, can be taken with the claims and defenses as the parties expect them to be. As I explained to counsel at the scheduling conference, however, leave to amend may be sought after the deadline established in the scheduling order; the party seeking

amendment simply must make the additional showing of good cause as to why the amendment could not have been sought in the exercise of reasonable diligence on or before the deadline to amend contained in the scheduling order.  Good cause may include facts learned after the deadline through discovery or private investigation, a change in the law occurring after the deadline, and the like.  Each proposed amendment sought after the deadline must be reviewed in context to determine whether it could have been sought prior to the expiration of the original deadline.

The Motion does not specify the proposed amendment.  I cannot determine in the abstract whether good cause exists to allow the requested late amendment.  It is not entirely clear that the requested amendment will be controlled by the Colorado Governmental Immunity Act, nor is there a sufficient explanation for why the claim under the CGIA could not have been submitted earlier.  All of these matters should be addressed in the motion to amend when and if it is filed. For these reasons:

IT IS ORDERED that the Motion is DENIED as premature.

Dated December 27, 2005.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

2