IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01651-MSK-BNB

KATHY NOVOSAD, and
STEPHEN NOVOSAD, individually and as parents and
next friends of DN, a minor,

        Plaintiffs,

v.

ACB, a minor,
KEITH BROWN,
LINDA BROWN,
JOHN MAJERUS,
SETH PARRISH, and
ST. VRAIN VALLEY SCHOOL DISTRICT RE1J,

        Defendants.

## ORDER DENYING MOTIONS

THIS MATTER comes before the Court on several motions filed by the Plaintiffs: (1) a Motion for Relief From and to Alter or Amend Judgment **(#57)** (the "motion for reconsideration"); (2) a Motion for Permission to Amend Complaint **(#55)**; and (3) a Motion to File Under Seal Exhibit "A" to Plaintiffs' Motion for Permission to Amend Complaint **(#52)**. As to the first two motions, the Defendants responded **(#58)**, and the Plaintiffs replied **(#59)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Background

In this action, the Plaintiffs asserted claims on their own behalf as well as on behalf of their

minor son, DN.  They alleged that DN was subjected to inappropriate sexual conduct by ACB in the men's locker room at the Longmont Recreation Center, while ACB was on a school field trip. The Plaintiffs asserted claims against ACB, his parents, the St. Vrain Valley School District, and two employees of the School District.

All but one of the asserted claims arose under Colorado law.  The sole federal claim was one of "danger creation" and was asserted against Defendants Majerus, Parrish and the School District.

Upon the Defendants' motion, the Court issued an Order **(#49)** dismissing the danger creation claim for failure to state a claim, and declining to exercise supplemental jurisdiction over the state law claims.  In doing so, the Court considered facts alleged by the Plaintiffs in their supplement which were not alleged in an Amended Complaint.  In dismissing the danger creation claim, the Court stated:

> [T]here is no allegation that Mr. Parrish or Mr. Majerus intended or recognised a risk of harm to DN or any other child at the Recreation Center. Although they may have known of ACB's past behavior, the Novosads have not alleged that Mr. Majerus or Mr. Parrish knew that there was any child at the Recreation Center who might have been vulnerable to ACB's behavior. There is no allegation that these Defendants saw or knew that there were young children at the Recreation Center, that they knew the location of the bathroom facilities, or that they saw young children in the vicinity of or in the locker room where the bathroom facilities were located.

The Court then concluded that facts to support three elements of a *prima facie* "danger creation" claim were not alleged.

## II.  Motion to Seal

The Plaintiffs move to seal Exhibit A to their motion to amend their complaint.  They contend that the facts described in Exhibit A may be subject to a protective order issued by Magistrate Judge Boland and "might not be suitable for access by general users of the PACER system."  The Defendants have filed no opposition to the motion.

The Supreme Court acknowledged a common-law right of access to judicial records in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978).  This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system.  *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002).  Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society."  *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (J. Kane).

There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure.  *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).  It is within the district court's discretion to determine whether a particular court document should be sealed.  *See Nixon,* 435 U.S at 599.  Only in the rarest of cases is the sealing of documents appropriate – for example, cases involving intensely personal issues such as abortion or birth control, or cases pertaining to the welfare of abandoned or illegitimate children.  *See Doe v. F.B.I.*, 218 F.R.D. 256, 259 (D. Colo. 2003).

In furtherance of the common law right of access to court records, the United States District Court for the District of Colorado promulgated D.C.COLO.LCivR 7.2, which provides in relevant part:

  A. Scope. Upon motion and a showing of **compelling** reasons, a judicial officer may order that:

    1. all or a portion of papers and documents filed in a case shall be sealed; or

    2. all or a portion of court proceedings shall be closed to the public.

Such a showing is required to ensure public confidence in the judicial process. It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter. *Cf. McVeigh*, 119 F.3d at 814.

  In this analysis, the parties' agreement that a particular document is confidential is irrelevant, as is the fact that a document was subject to a protective order during discovery. Documents subject to discovery are not customarily filed with the Court and thus are not available to the public. As to those documents which are filed with the Court, the parties are not in a position to finally determine whether the public has an interest in them. Documents filed with the Court are presumptively public, and absent a showing of compelling reasons, the Court will not seal them.

  Here, the sole justification offered for sealing Exhibit A is that it may contain information subject to a protective order. This is not sufficient basis to seal the document. However, the Court notes that Exhibit A contains ACB's birthdate, which must be sealed pursuant to the Court's Privacy Policy with regard to electronically filed documents. Said policy requires certain confidential information in electronically filed documents to be redacted in every case. Such information includes the name of a minor child and a person's date of birth, social security number, or financial account number. The Court presumes that there are compelling reasons to

seal such information. Therefore, the Court denies the motion to seal for the reasons argued by the Plaintiffs but will keep the tendered Exhibit A **(#53)** under seal. Within 10 days of this Order, the Plaintiffs shall file a redacted copy of Exhibit A which makes no reference to ACB's birthdate.

### III. Motion for Reconsideration

The Plaintiffs ask the Court to reconsider dismissal of their danger creation claim for two reasons: (1) the Court clearly erred when it stated that there can be no danger creation claim unless "the state actor either intends to cause harm, or intends to expose a particular person to an unreasonable risk of harm;" and (2) they discovered new facts after filing their response to the motion to dismiss. The Defendants respond that the Court's ruling was legally correct, that the "new" facts discovered by the Plaintiffs are not really new and were discovered before the Court ruled on the motion to dismiss, and that such facts do not cure the deficiencies of the original Complaint.

A court may reconsider its prior ruling in accordance with Fed. R. Civ. P. 60(b),[1] which provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior

---

[1] The Court entered a final order of dismissal, not a judgment. Therefore, the Court treats the motion as one for reconsideration under Fed. R. Civ. P. 60(b), rather than as a motion to amend the judgment under Fed. R. Civ. P. 59(e).

> judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

As for the Plaintiffs' argument that the Court's ruling was legally erroneous, the Court disagrees. As the Tenth Circuit made clear in *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1281 (10th Cir. 2003), a danger creation claim "requires that the state actor either intend to cause harm, or intend to expose a particular person to an unreasonable risk of harm." This is the law which the Court applied in dismissing the Plaintiffs' danger creation claim.

The Plaintiffs contend that they discovered new evidence after filing their response to the motion to dismiss on September 28, 2005, which this Court should now consider. This evidence is summarized in Exhibit A. The Court declines to reconsider its ruling based upon the contents of Exhibit A. The motion to dismiss was pending for almost eight months before the Court ruled on it, yet the Plaintiffs made no effort or request to supplement their response prior to such ruling. In addition, the facts set forth in Exhibit A primarily bear upon the School District's collective knowledge of ACB's dangerous propensities. If they had been alleged in an Amended Complaint, the Court still would have dismissed the danger creation claim because such allegations would not have cured the deficiencies of the Complaint previously noted.

The Plaintiffs have stated no federal claim. Therefore, the Court declines to set aside the dismissal of the danger creation claim under Fed. R. Civ. P. 12(b)(6) and the state law claims

under 28 U.S.C. § 1367.[2]  Nothing in the Court's ruling precludes the Plaintiffs from pursuing their state law claims in an appropriate forum, as such claims were dismissed without prejudice.

**IT IS THEREFORE ORDERED** that

(1) The motion to seal **(#52)** is **DENIED, in part**.  Exhibit A **(#53)** shall remain sealed.  Within 10 days of this Order, the Plaintiffs shall filed a redacted version of Exhibit A which omits reference to ACB's birthdate.

(2) The motion for reconsideration **(#57)** is **DENIED**.

(3) The motion to amend the complaint **(#55)** is **DENIED**, as moot.

Dated this 15th day of August, 2006

                                             **BY THE COURT:**

                                             *Marcia S. Krieger*

                                             Marcia S. Krieger
                                             United States District Judge

---

[2] Consequently, the motion to amend the complaint – which seeks leave to file an Amended Complaint inclusive of the facts set forth in Exhibit A – is moot.